## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEVIN SHAW,

       **Plaintiff,**

                                  CASE NO.:

vs.

**ABSOLUTE HOME**
**MORTGAGE CORPORATION,**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN SHAW ("Mr. Shaw" or "Plaintiff") files suit against the Defendant, ABSOLUTE HOME MORTGAGE CORPORATION, a Foreign Profit Corporation ("AHMC" or "Defendant"), and alleges as follows:

1. Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's ADA claim that it forms part of the same case or controversy. Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of his disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant conducts substantial business in Pinellas County, Florida, and Plaintiff worked for Defendant remotely from his home in Pinellas County, Florida, where the actions at issue took place.

## PARTIES

4. At all times material, Plaintiff was a resident of Pinellas County, Florida.

5. Plaintiff is protected by the ADA and FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a

result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

7. Plaintiff, on or about April 13, 2021, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant.

8. On or around September 27, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of same.

9. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

12. Mr. Shaw worked for Defendant remotely from his home in

Pinellas county as an Underwriter from August 1, 2020, until his termination on March 5, 2021.

13. In all respects, Mr. Shaw was an excellent employee with no history of performance, attendance, or disciplinary issues.

14. Unfortunately, on December 30, 2020, Mr. Shaw, who was only forty (40) years old at the time, suffered from a disability, specifically blood clots which in turn, caused a debilitating stroke.

15. Plaintiff's blood clots and stroke resulted in motor impairment, cognitive functions, and a substantial limitation of major life activities.

16. Due to the foregoing, Mr. Shaw's blood clots and stroke are considered "protected disabilities" under the ADA/FCRA.

17. Mr. Shaw spent three (3) days in the hospital, informing AHMC on the day of the event of his stroke.

18. Mr. Shaw had to miss the first week of January 2021 in order to treat and address his disabilities.

19. Despite returning to work in January 2021, Mr. Shaw continued to suffer the physical and cognitive side effects of his disabilities.

20. For example, on one occasion, Mr. Shaw was speaking on the phone with Supervisor, Greisy Vasquez, when he suffered an episode that he feared was another stroke. Mr. Shaw had to hang up the call, informing Ms.

Vazquez later on what had occurred.

21. Throughout February 2021, Mr. Shaw also suffered from dizziness, headaches, blurry vision, paralyzing episodes, and other symptoms.

22. As a result, throughout his recovery, Mr. Shaw spent time attending follow-up medical appointments to treat and address his disabilities/symptoms, and keeping his managers appraised of his progress at all times.

23. In February 2021, Mr. Shaw spoke with Underwriting Manager, Gabrielle Titus, over the telephone.

24. At that time, Mr. Shaw contacted Ms. Titus, disclosed his disability, and attempted to engage her in a conversation about possible accommodation for his disability.

25. Ms. Titus declined to discuss the matter in any detail and refused to engage in the interactive process as required by the ADA/FCRA.

26. Mr. Shaw did not miss any meetings and reliably answered communications via instant message, phone call, and/or email.

27. Additionally, at no time did Defendant or its agents issued Plaintiff any kind of negative feedback or disciplinary action on any aspect of his employment.

28. Shockingly, on March 5, 2021, Ms. Titus informed Mr. Shaw that

it had decided to terminate his employment, effective immediately.

29. Neither Ms. Titus, nor anyone else at AHMC offered any kind of cogent reason for taking this extreme adverse employment action against Mr. Shaw.

30. It is clear that AHMC terminated Mr. Shaw's employment because he suffered a disability, and because he required and requested reasonable accommodations for same.

31. Ms. Titus' inability to provide a legitimate cause for termination renders her explanation a mere pretext to Mr. Shaw's firing.

32. At all times material hereto, Plaintiff had a recorded physical impairment, and Plaintiff could perform the essential functions of his job with or without an accommodation by Defendant.

33. Plaintiff was a "qualified individual with a disability" within the meaning of the ADA/FCRA.

34. Plaintiff is an individual who, with minimal accommodation, i.e. occasional time to seek medical treatment for his disability, was fully capable of performing the essential functions of his job.

35. Despite the availability of a reasonable accommodation under the ADA and FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his

medical condition from completing his assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

37. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

38. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

39. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

40. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

41. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

# COUNT I:
# DISABILITY DISCRIMINATION UNDER THE ADA

42. Plaintiff realleges and adopts the allegations contained in paragraphs 1-41 as if fully set forth in this Count.

43. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

44. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

45. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

47. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

48. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable

harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

49. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

50. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

51. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

52. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

53. Provide any additional relief that this Court deems just and appropriate.

## COUNT II:
## DISABILITY DISCRIMINATION UNDER THE FCRA

54. Plaintiff realleges and adopts the allegations contained in paragraphs 1-41, as if fully set forth in this Count.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

56. The discrimination to which Plaintiff was subjected was based on his disability or "perceived disability."

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

61. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the

FCRA;

62. Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

63. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

64. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

65. Provide any additional relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 22nd day of December, 2021.

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*